APRIL L. HOLLINGSWORTH (Bar No. 9391)
**HOLLINGSWORTH LAW OFFICE, LLC**
1115 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
Fax: 801-303-7324

Elizabeth M. Peck (Bar No. 6304)
**PECK LAW, LLP**
785 North 400 West
Salt Lake City, UT 84103
Telephone: (801) 521-0844
Fax (801) 505-5007
lisa@peck-law.com

Co-Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **WILLIAM TRACY FOWLER,**<br><br>       Plaintiff,<br><br>vs.<br><br>**WESTMINSTER COLLEGE,**<br><br>       Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR REMITTITUR UNDER 42 USC § 2000e-5(g)(2)(B)**<br><br>Case No. 2:09-cv-00591-DN<br><br>Judge David Nuffer |

Defendant Westminster College filed a Motion for Remittitur 42 U.S.C. § 2000e-5(g)(2)(B) (docket no. 199), in which it contends that the jury verdict rendered in this case established a mixed motive case, and that Westminster proved it would have fired Plaintiff Fowler because of the failed drug test notwithstanding the impermissible discrimination found by the jury. Fowler opposed the Motion. (docket no. 215) Westminster did not file a reply to the Motion. Having carefully considered the

arguments of the parties and the legal issues involved, and for good cause appearing, the court makes the following ruling:

The jury was clearly instructed, in Instruction No. 34, that it should not award damages to Fowler if Westminster proved by a preponderance of the evidence that it would have treated Fowler similarly even if discrimination had played no role in Westminster's employment decision.  Question no. 4 of the Verdict Form asked the jury, "Has Mr. Fowler proven by a preponderance of the evidence that Westminster did not honestly believe and act in good faith on its stated reasons for terminating Mr. Fowler, making those reasons pretext for discrimination against Mr. Fowler based on his disability?"  The jury answered, "Yes." That is, the jury found that discrimination was a motivating factor in Westminster's termination of Mr. Fowler's employment, and that Westminster's stated reasons for the termination were not credible and were instead pretext for discrimination.  The jury then awarded Mr. Fowler compensatory damages of $500,000.  The jury thus found that Westminster failed to prove it would have terminated Mr. Fowler even in the absence of a discriminatory motive.  Accordingly, Westminster is not entitled to relief from the jury's verdict under 42 U.S.C. § 2000e-5(g)(2)(B)(ii).

IT IS THEREFORE ORDERED that Westminster's Motion for Remittitur 42 USC § 2000e-5(g)(2)(B) (docket no. 199) is DENIED.

Dated August 31, 2012.

BY THE COURT:

David Nuffer
United States District Judge