IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **WILLIAM TRACY FOWLER,**<br><br>Plaintiff,<br><br>vs.<br><br>**WESTMINSTER COLLEGE,**<br><br>Defendant. | **MEMORANDUM DECISION FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFF'S CLAIM FOR RETALIATION UNDER THE AMERICAN'S WITH DISABILITIES ACT**<br><br>Case No. 2:09-cv-00591 DN<br><br>District Judge David Nuffer |

Plaintiff William Tracy Fowler brought claims under the Americans With Disabilities Act ("ADA") against Defendant Westminster College for discrimination and retaliation. The parties agreed that the discrimination claim would be tried to a jury, and the court would decide the retaliation claim. The claims went to trial on May 14-17, and 23, 2012. Mr. Fowler was represented at trial by April L. Hollingsworth, and Westminster was represented by Robert H. Wilde. On May 23, 2012, the jury reached a verdict in favor of Mr. Fowler on the discrimination claim.

The court, having heard the testimony of witnesses, reviewed the evidence, considered the arguments of counsel and being fully advised, now makes and enters its findings of fact and conclusions of law and judgment on the retaliation claim.

## FINDINGS OF FACT

In making its determination regarding retaliation, the court is bound by the factual findings made by the jury because they are relevant to both the discrimination and the

retaliation claims.  *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 965 (10th Cir. 2002).[1]  Specifically here, the court is bound by the jury's findings that Mr. Fowler was disabled and subject to protection under the ADA, and therefore, that Mr. Fowler was not engaging in the illegal use of drugs on October 18, 2005, or in the weeks and months prior to his termination.  The court is also bound by the jury's finding that Westminster did not, in good faith, believe and act on its stated reasons for terminating Mr. Fowler.

Regarding the specifics of the retaliation claim, it is undisputed that in April 2005, Mr. Fowler sent a letter to Steve Morgan, in which he stated:

> Steve I followed through with my rehab, and I've done everything in my power to run an efficient ship.  Your words to me when I got back was that Richard would stop coming over here and let me run the shop like I have after a month or so.  Well, we are on nine months now, and he is over here three or four times a day.  It's making me and other workers uncomfortable.  In my eyes, this is harassment.

(Plaintiff's Exhibit 1).  Westminster conducted an investigation into Mr. Fowler's April complaint that was thorough but incomplete.  The investigation did not address at all the issue Mr. Fowler raised regarding discrimination based upon his addiction.

The April 2005 complaint marked a clear turning point in Mr. Fowler's employment with Westminster, soon after which Westminster began building a record of performance issues that included the first negative evaluation he received in 20 years.  In giving him a negative evaluation, Mr. Fowler's supervisor interpreted the criteria to

---

[1]  The *Smith* decision is distinguishable factually, as it involved a jury finding on back pay, and the district court's decision on front pay on a different factual basis.  Nonetheless, the case is applicable because it holds that a judge is bound by the implicit and explicit findings of the jury and must act consistent with those findings.

evaluate him differently in 2005 than he had in his previous evaluation in 2003.  Mr. Fowler also was subject to a performance improvement plan subsequent to his complaint, which directed attention away from the issues raised in Mr. Fowler's complaint by focusing on his alleged performance issues.   Thus, the evaluation, the performance improvement plan, and the report of the investigation conducted by Westminster focused Mr. Fowler exclusively on issues other than those that he intended to raise in his April 2005 letter about harassment and discrimination against him.  Ultimately, Westminster's treatment of Mr. Fowler after his complaint culminated in his termination.

## CONCLUSIONS OF LAW

In order to show that he was subject to retaliation in violation of the ADA, Mr. Fowler must show that he engaged in protected opposition to discrimination, that Westminster took adverse employment action against him, and that there is a causal connection between the adverse actions and his protected activity.  *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1324 (10th Cir. 1997).

The court concludes that Mr. Fowler engaged in protected opposition to discrimination in April 2005 when he sent the letter to Mr. Morgan.  Mr. Fowler did not use the applicable terms of art, but he referred to his rehabilitation in the opening paragraph of his letter.  He referred to his supervisor's treatment of him as "harassment," and he indicated that the harassment followed his going to "rehab."  The letter is sufficient to constitute protected activity under the ADA because Mr. Fowler was opposing what he perceived as discriminatory activity.

Westminster took three adverse employment actions after Fowler's protected opposition: the negative evaluation, the performance improvement plan, and the termination.  A reasonable employee would have found these actions to be materially adverse, and the actions would have dissuaded an employee from bringing a claim of discrimination.  Therefore, these actions meet the standard for adverse actions under *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006).  Further, the negative evaluation and the performance improvement plan were relied upon in the termination, and therefore are part of the pattern of retaliation that culminated in the termination.

Finally, the court determines that these adverse actions were causally connected to Mr. Fowler's complaint.  The close temporal proximity of the flow of events in relation to the April 2005 letter shows a causal connection.  The April 2005 letter marked a clear turning point in Mr. Fowler's employment with Westminster.  The investigation into the complaint was thorough but incomplete, because it did not address at all the issues Mr. Fowler raised about discrimination because he was a recovering drug addict.  Westminster's increased supervision, and scrutiny of Mr. Fowler began in close proximity to his complaint and shows a negative response to the April 2005 letter.  The testimony showed that the criteria used to evaluate Mr. Fowler's performance were interpreted differently in 2005 than they had been previously interpreted.  The differential supports the conclusion that Westminster's treatment of Mr. Fowler after the April 2005 letter was retaliatory.  Finally, Westminster's efforts to ignore the fact that Mr. Fowler's April 2005 complaint mentioned harassment that began after he returned from his

rehabilitation program, together with Westminster's efforts to build a record of performance issues against Mr. Fowler subsequent to the complaint without addressing his concerns, also helps to establish the causal connection between the April 2005 complaint and the adverse actions.  Finally, as found by the jury, Westminster's stated reasons for terminating Fowler were pretextual.  Consistent with this finding, the court concludes that Fowler's termination was both discriminatory and retaliatory.

Because Mr. Fowler established that he engaged in protected activity by complaining about his treatment after he returned from rehab, and he was then subject to adverse actions that were causally connected to his protected activity, the court finds that Westminster engaged in unlawful retaliation in violation of the ADA.  Mr. Fowler is entitled to back pay and lost benefits due to his retaliation and termination pursuant to 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(g), as set forth in the court's separate order awarding lost wages and benefits.  Compensatory and punitive damages are not available under the ADA for the retaliation claim.  *Kramer v. Bank of Am. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004).

DATED this 25th  day of September, 2012.

**BY THE COURT:**

_____
David Nuffer
United States District Judge