**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| WILLIAM TRACY FOWLER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WESTMINSTER COLLEGE,<br><br>　　　　Defendant. | FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: LOST WAGES AND BENEFITS<br><br>Case No.: 2:09-cv-00591 DN<br><br>District Judge David Nuffer |

This matter came on regularly before the court on the 3rd day of July, 2012 at the hour of 10:00 a.m. for oral argument on Plaintiff's claim of lost wages, consisting of front pay, back pay, and lost benefits, tried to the court in association with Plaintiff's claims for discrimination and retaliation under the Americans With Disabilities Act (ADA). Plaintiff William Tracy Fowler was present and represented by April Hollingsworth. Defendant Westminster College of Salt Lake was represented by Robert H. Wilde. The court, having reviewed the memoranda filed and listened to the argument of counsel in support thereof, enters the following findings of fact and conclusions of law concerning Plaintiff's claim for lost wages and benefits.

FINDINGS OF FACT

1.　　　In seeking lost wages, Plaintiff asked the court to impute annual increases of 4% and apply that factor to any applicable lost wage claims. However, there was no actual evidence on that percentage, only speculation, and the court declines to find such an increase applicable to Plaintiff's wage claims.

2.      Plaintiff's annual salary at the time of his termination on November 1, 2005 was $47,198.  (Plaintiff's Ex. No. 48.)

3.      In August 2006, Plaintiff had two accidents.  He had a car accident on August 18, 2006, and he fell off his roof on August 25, 2006.

4.      Following these accidents, Plaintiff was evaluated by his physician who submitted a document, Defendant's Exhibit No. 64, in which he stated on the Plaintiff's behalf that the Plaintiff could not sit, walk or stand.

5.      In Plaintiff's 2007 request for reconsideration relating to his application for Social Security Disability Income, Defendant's Exhibit Nos. 39, 46, and 70,  Plaintiff referred to his August 2006 injuries and stated, under penalty of perjury, "I am unable to walk, bend, lift" and "unable to walk, drive, shower, take care of myself."

6.      In a letter dated January 9, 2007, Defendant's Exhibit No. 60, Plaintiff's physician stated on Plaintiff's behalf, "I believe it would be nearly impossible for him to return to a position where he was standing and/or walking through extended periods throughout the workday due to the nature of these injuries."

7.      In Defendant's Exhibit No. 90, a personal profile submitted to MetLife (the Plaintiff's long term disability carrier) in September, 2007, Plaintiff stated, referring to his ability to perform, not to his job description, "With all the bending, lifting and twisting, it has made it impossible to return to my profession." "I will never be able to return to my old profession, due to the nature of the troubles I have with my body."  Plaintiff also responded to the question "Do you feel you could return to your last job occupation if accommodations were made?" Plaintiff answered, "No, because of the bending, lifting[,] twisting, walking, standing or sitting. I can never return to this sort of position due to my disabilities."  These statements refer to Plaintiff's physical condition after August 25, 2006.

2

8.     Based on the statements of Plaintiff and his physicians, Plaintiff was no longer physically able to do his job after August 25, 2006.

9.      Statements made by Plaintiff in documents related to his long-term disability and Social Security Disability Income applications prior to the August 2006 accidents pertained to his job description and his ability to perform the job description.  However, consistent with these statements, Plaintiff testified, and the jury found, that he was able to perform the essential functions of his job with help from other of Defendant's employees who were able to lift heavy objects.

10.     In his employment with the Defendant, Plaintiff received non-salary benefits with a value equal to 24% of his salary.

11.     During the 298 days from the time of his termination on November 1, 2005 to August 25, 2006, at the annual rate of $47,198, Plaintiff would have earned salary of $38,534.25 and his benefits would be valued at $9,248.22, for a total of $47,782.47 in salary and benefits.

## CONCLUSIONS OF LAW

1.     The court concludes that it is bound to follow the factual determinations of the jury reflected in its verdict based upon the law stated in *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955 (10th Cir. 2002).  Consistent with Jury Instruction No. 34 (Docket No. 197) and the jury's response to Verdict Question No. 4 on pretext, Westminster had no valid reason for terminating Plaintiff that would have abated back pay.

2.     Reinstatement is not appropriate in this case in part because Plaintiff was, since August 25, 2006, physically unable to perform the job duties.

3.     The clear evidence from Plaintiff's statements made in association with his applications for long term disability and for Social Security Disability Income, substantiated by

him under oath at trial, is that after August 25, 2006, Plaintiff was no longer physically able to do his job.

4. Because Plaintiff was no longer physically able to do his job, he would not have continued to receive salary and benefits from Defendant after August 25, 2006.

5. Plaintiff asserts a "but-for" argument that Plaintiff would not have been on the highway or on the roof in August 2006 if he had not been terminated and if he had still been working for Defendant. However, it is a fact that Plaintiff had the accidents. Plaintiff's physical condition after August 25, 2006 would not allow him to do his job.

6. Defendant asserts that judicial estoppel bars Plaintiff's claim for back pay and front pay based on statements made by Plaintiff and his physicians related to Plaintiff's long-term disability and Social Security Disability Income applications. Statements made prior to the August 2006 accidents pertained to Plaintiff's job description and his ability to perform the job description. These statements are consistent with Plaintiff's testimony that he was able to perform the essential functions of his job with help from other of Defendant's employees who were able to lift heavy objects, and therefore do not support a finding of estoppel. Statements made by Plaintiff and his doctors after the August 2006 accidents clearly demonstrate that Plaintiff was no longer able to work after August 25, 2006. Plaintiff is therefore estopped from receiving any back pay after August 25, 2006, and from receiving an award of front pay.

7. Defendant asserts that laches bars Plaintiff's back pay, or should reduce the amount of back pay that would have been earned by him during the period the matter was pending before the Utah Antidiscrimination and Labor Division. However, the court will not penalize Plaintiff for his litigation strategy with regard to the decision to file his charge with the UALD, and then pull it to commence this litigation.

4

8.     Plaintiff is therefore entitled to and will be awarded back pay with benefits at the rate he was earning as of the time he was terminated from November 1, 2005 through August 25, 2006 in the amount of $47,782.47.

9.     Plaintiff is not entitled to an award of front pay.

10.     Pursuant to Utah Code Ann. § 15-1-1, Plaintiff is entitled to prejudgment interest on his lost wages and benefits at the statutory rate of 10% per annum, simple interest.  Final judgment in favor of Plaintiff will be entered after determination of Plaintiff's application for attorneys' fees.

DATED this 25th day of September, 2012.


_____
David Nuffer
United States District Judge