IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM TRACY FOWLER,<br><br>          Plaintiff,<br><br>vs.<br><br>WESTMINSTER COLLEGE OF SALT LAKE,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND DIRECTING ENTRY OF JUDGMENT**<br><br>Case No. 2:09-cv-591-DN<br><br>District Judge David Nuffer |

On May 23, 2012, the jury in this matter returned a verdict in favor of Plaintiff William Tracy Fowler on his claim for discrimination under the Americans With Disabilities Act (ADA) against Defendant Westminster College of Salt Lake, awarding compensatory damages in the amount of $500,000, which was remitted to $300,000 pursuant to 42 U.S.C. § 1981a(b)(3)(D).[1] The court has also entered findings of fact and conclusions of law in favor of Mr. Fowler on his claim for retaliation under the ADA,[2] and has awarded back pay and lost benefits on Fowler's discrimination and retaliation claims in the amount of $47,782.47 and prejudgment interest at the statutory rate of 10% per annum.[3]

In addition to the relief that has already been granted, Fowler seeks an award of attorneys' fees pursuant to 42 U.S.C. § 12205, which allows the prevailing party on a claim under the ADA

---

[1] Verdict Form, docket no. 194, dated May 23, 2012; Order Granting Motion for Remittitur Under 42 U.S.C. § 1981a(b)(3)(D), docket no. 247, dated August 31, 2012.

[2] Memorandum Decision Findings of Fact and Conclusions of Law on Plaintiff's Claim for Retaliation Under the American's With Disabilities Act, docket no. 261, dated September 25, 2012.  Compensatory damages are not available under the ADA for Fowler's retaliation claim. *Kramer v. Bank of Am. Sec., LLC*, 355 F.3d 961, 965 (7th Cir. 2004).

[3] Findings of Fact and Conclusions of Law Re: Lost Wages and Benefits, docket no 262, dated September 25, 2012.

1

to recover "a reasonable attorney's fee." Fowler seeks an award of attorneys' fees in the amount of $215,433.50, which he believes should be enhanced by at least 30% due to the successful result obtained at trial. Fowler has provided declarations from the several attorneys involved in prosecuting his ADA claims, outlining in detail the legal work performed on Fowler's behalf. Westminster has not opposed Fowler's attorneys' fees application, and the time for doing so has expired.[4]

The declarations provided by Fowler's attorneys show that he is entitled to attorneys' fees in the amount of $215,433.50.[5] This amount represents nearly 900 hours of attorney time over multiple years incurred to prosecute Fowler's claims to a final judgment, including, among much other work, drafting the complaint, participating in discovery (including multiple depositions), opposing Westminster's motion for summary judgment, preparing for and conducting a five day jury trial, and completing post trial briefing. This work was reasonably necessary to prosecute Fowler's claims. Additionally, Fowler has established that the rates charged by his attorneys are reasonable for this locale.[6] Accordingly, as the prevailing party on both of his claims under the ADA, Fowler is entitled to reasonable attorneys' fees in the amount of $215,433.50.

The court will not enhance the amount of this award. At the discretion of the trial court, an upward adjustment of an attorneys' fees award is appropriate in "exceptional" cases.[7] The court does not view this case as exceptional and therefore declines to enhance Fowler's attorneys' fees award.

---

[4] Docket Text Order, docket no. 254, entered on September 11, 2012.

[5] Declaration of Elizabeth A. Peck in Support of Plaintiff's Application for Attorneys' Fees, docket no. 258, filed on Sep. 17, 2012; Declaration of April L. Hollingsworth in Support of Plaintiff's Application for Attorneys' Fees, docket no. 259, filed on Sep. 17, 2012; Declaration of Leslie Schaar in Support of Motion for Attorneys' Fees on Behalf of William Tracy Fowler, docket no. 259-3, filed on Sep. 17, 2012; Declaration of Jennifer Bogart in Support of Motion for Attorneys' Fees on Behalf of William Tracy Fowler, docket no. 259-5, filed on Sep. 17, 2012.

[6] Declaration of Kathryn Harstad, docket no. 257-1, filed on Sep. 17, 2012.

[7] *Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, 963 F.2d 1352, 1360 (10th Cir. 1992).

CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Plaintiff's Application for Attorneys' Fees (docket no. 256) is GRANTED.

IT IS FURTHER ORDERED that the clerk of the court is directed to ENTER JUDGMENT in this case in favor of Plaintiff William Tracy Fowler and against Defendant Westminster College of Salt Lake in the following amounts:

(a) $300,000 in compensatory damages on Plaintiff's claim for discrimination under the ADA;

(b) $47,782.47 in back pay and lost benefits on Plaintiff's claims for discrimination and retaliation under the ADA, together with prejudgment interest at the rate of 10% from November 1, 2005 to September 25, 2012, in the amount of $32,989.54; and

(c) $215,433.50 in reasonable attorneys' fees pursuant to 42 U.S.C. § 12205.

IT IS FURTHER ORDERED that the clerk of the court is directed to close this case.

DATED this 25th day of September, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge