IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM TRACY FOWLER,<br><br>        Plaintiff,<br><br> vs.<br><br>WESTMINSTER COLLEGE OF SALT LAKE,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING COSTS TAXED BY THE CLERK OF THE COURT**<br><br>Case No. 2:09-cv-591-DN<br><br>District Judge David Nuffer |

  Defendant Westminster College of Salt Lake asks for judicial review of the costs taxed by the clerk of the court under DUCivR 54-2(d).  Westminster contends that Plaintiff Fowler's bill of costs and supporting memorandum were untimely filed and insufficiently supported, and that the deposition transcripts for which costs were awarded were unnecessary.  The court has reviewed de novo the memoranda and other supporting materials submitted by the parties and finds that costs were properly taxed in the amount of $4,896.36.

  Plaintiff's bill of costs and supporting memorandum were timely filed on October 9, 2012, which was 14 days after judgment was entered in favor of Fowler on September 25, 2012.[1]  Westminster argues that Plaintiff's submissions were late because they were filed after 4:30 p.m., pointing out the following sentence in the initial scheduling order entered in this matter on September 15, 2009: "** ALL TIMES 4:30 P.M. UNLESS INDICATED**."[2]  However, the scheduling order did not establish a deadline for submitting bills of costs.  That deadline is

---

[1] Judgment in a Civil Case, docket no. 265, filed on Sep. 25, 2012; Bill of Costs, docket no. 272, filed on Oct. 9, 2012; Plaintiff's Verified Memorandum of Costs, docket no. 273, filed on Oct. 9, 2012.

[2] Scheduling Order and Order Vacating Hearing, docket no. 12, filed on Sep. 16, 2009.

1

governed by DUCivR 54-2(a) and Fed. R. Civ. P. 6. DUCivR 54-2(a) provides a 14-day period for filing bills of costs from the date the judgment is entered. Fed. R. Civ. P. 6(a)(4) specifies that the "last day" of the applicable time period ends "for electronic filing, at midnight in the court's time zone." Applying these rules, Plaintiff's bill of costs and supporting memorandum were timely filed by 11:59 p.m. on October 9, 2012.

The costs requested by Plaintiff were sufficiently itemized and verified. Westminster complains that some of the costs itemized by Plaintiff are not supported by both an invoice and a receipt, citing DUCivR 54-2(a), which requires a costs memorandum to "reference and include copies of applicable invoices, receipts, and disbursement instruments." Westminster argues that because this sentence was stated in the conjunctive, the rule requires costs be denied if they are not support by both invoices and receipts. The rule does not go that far. Rather, the rule requires the party entitled to costs to submit the available "invoices, receipts, and disbursement instruments" and provides that "failure to itemize and verify costs may result in their being disallowed."[3] Here, Plaintiff has lost some of the receipts for his otherwise allowable costs. However, upon review of the record, the court concludes that Plaintiff's itemized costs are sufficiently verified and reasonable in amount.

Finally, Plaintiff is entitled to the submitted deposition transcript costs. Plaintiff was awarded deposition transcript costs in the amount of $3,353.47 for the depositions of seven witnesses, each of whom was an important witness at trial. Transcripts of the depositions of these witnesses were "necessarily obtained for use in the case."[4]

---

[3] DUCivR 54-2(a).

[4] 28 U.S.C. § 1920(2); *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339-42 (10th Cir. 1998).

CONCLUSION AND ORDER

IT IS HEREBY ORDERED that Westminster's Motion for Judicial Review of Costs (docket no. 284) is GRANTED.

IT IS FURTHER ORDERED that the Taxation of Costs (docket no. 283) entered by the clerk of the court is AFFIRMED.

DATED this 30th day of January, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge