IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM TRACY FOWLER,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WESTMINSTER COLLEGE OF SALT LAKE,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WESTMINSTER'S MOTION FOR NEW TRIAL**<br><br>Case No. 2:09-cv-591-DN<br><br>District Judge David Nuffer |

Plaintiff William Tracy Fowler has prevailed on his claims in this matter for discrimination and retaliation under the Americans With Disabilities Act (ADA) against Defendant Westminster College of Salt Lake.  Judgment has been entered in favor of Mr. Fowler based on a verdict from the jury and on findings of fact and conclusions of law from the court.[1] The court denied Westminster's motion for judgment as a matter of law under Fed. R. Civ. P. 50 after concluding Fowler presented evidence sufficient to support the jury's verdict.[2]

Westminster now seeks a new trial, or in the alternative an order remitting the damages awarded by the jury, pursuant to Fed. R. Civ. P. 59.[3]  As grounds for a new trial, Westminster argues that the jury's verdict and damages award were against the weight of the evidence and that the court's evidentiary rulings and verdict form were erroneous and affected the outcome of the

---

[1] Judgment in a Civil Case, docket no. 265, entered on Sep. 25, 2012; Verdict Form, docket no. 194, filed on May. 23, 2012; Memorandum Decision Findings of Fact and Conclusions of Law on Plaintiff's Claim for Retaliation under the Americans With Disabilities Act, docket no. 261, filed on Sep. 25, 2012; Findings of Fact and Conclusions of Law Re: Lost Wages and Benefits, docket no. 262, filed on Sep. 25, 2012.

[2] Memorandum Decision and Order Denying Westminster's Motion for Judgment as a Matter of Law Pursuant to F.R.C.P. 50(b) (the "Rule 50(b) Order"), docket no. 255, filed on Sep. 17, 2012.

[3] Motion for New Trial Pursuant to F.R.C.P. 59, docket no. 277, filed on Oct. 22, 2012.

trial.  As outlined below, the jury's verdict and damages award were sufficiently supported by the evidence, and the court's evidentiary rulings and verdict form contained no error.  Accordingly, Westminster's motion for a new trial is DENIED.

DISCUSSION

I.      The Jury's Verdict Was Not Clearly Against the Weight of the Evidence.

        In support of its request for a new trial, Westminster argues that Fowler failed to carry his evidentiary burden with regard to the elements of his ADA discrimination claim.  Specifically, Westminster asserts Fowler did not prove that his drug addiction interfered with one of his major life activities, that he was not engaged in the illegal use of drugs at the time of his termination, and that his termination was discriminatory.  These same arguments were made by Westminster in support of its motion for judgment as a matter of law under Rule 50(b), which was denied.[4] Recognizing this, Westminster emphasizes that the Rule 59 standard is a somewhat lower hurdle than that of Rule 50(b), which allows for relief from a jury verdict only where the evidence reveals "no legally sufficient basis for a claim."[5]

        However, even under the Rule 59 standard, Fowler presented sufficient evidence at trial to uphold the jury's verdict.  "If a [Rule 59 motion for a new trial] asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence."[6]  The evidence outlined in the court's ruling on Westminster's Rule 50(b) motion shows that the jury's findings as to Fowler's disability, his qualification, and his discriminatory termination were not clearly against the weight of the

---

[4] Rule 50(b) Order at 2-8.

[5] *Wagner v. Live Nation Motor Sports, Inc.*, 586 F.3d 1237, 1244 (10th Cir 2009) (internal quotations omitted).

[6] *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009).

evidence.[7]  While Westminster points out there was contrary evidence on many points, it is the court's view that the jury's verdict should be upheld.

II.    <u>The Challenged Evidentiary Rulings Were Correct</u>.

Westminster also believes it is entitled to a new trial based on the court's evidentiary rulings concerning the "package incident" and the testimony of Patricia Gay and Denise Fowler. A new trial will be granted under Rule 59 due to an erroneous evidentiary ruling "only if the error prejudicially affects a substantial right of a party."[8]  "Evidence admitted in error can only be prejudicial if it can be reasonably concluded that with or without such evidence, there would have been a contrary result."[9]  Having again reviewed the record, the court finds no error in the challenged evidentiary rulings.

<u>The Package Incident</u>.  The package incident involved Fowler's receipt of a package at Westminster allegedly containing Lortab while he was receiving treatment for his addiction in July 2004.  The court excluded evidence of the package incident under Fed. R. Evid. 403 in its order on Plaintiff's Motion in Limine Re: 2004 Package Incident.[10]  Westminster alleges that this ruling was error and that it prejudiced Westminster's ability to explain Richard Brockmeyer's alleged "no more friends" remark and to rebut Fowler's testimony that he had never received a negative evaluation before the June 2005 evaluation.

Under Fed. R. Evid. 403, the court may "exclude relevant evidence if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[11]

---

[7] Rule 50(b) Order at 2-8.

[8] *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1296 (10th Cir. 1998).

[9] *Id.*

[10] Docket Text Order, docket no. 152, filed on Apr. 25, 2012.

[11] Fed. R. Evid. 403.

The jury in this case was tasked with deciding, among other things, whether Mr. Fowler was currently engaging in the illegal use of drugs at the time of his termination in October 2005 — some 15 months after the package incident, which occurred before his inpatient rehabilitation stay.[12]  Admitting evidence concerning the package incident presented a substantial risk that the jury might make this determination on an improper basis — *i.e.*, that Fowler must have been engaged in the illegal use of drugs in October 2005 because he was allegedly receiving Lortab in the mail at work during his rehab in July 2004.  Additionally, as Fowler denied that the package in question contained Lortab, the package incident would likely have resulted in jury confusion as to the issues presented for decision.  The dispute on this point would have taken time not merited by the slight probative value of the incident and the risks of confusion.

This danger for unfair prejudice to Fowler and for confusion of the issues substantially outweighed any probative value of the package incident.  Westminster acknowledges that Mr. Brockmeyer denied making the "no more friends" statement.[13]  The probative value of the package incident as an explanation for a statement that Mr. Brockmeyer denied making was thus minimal.  Similarly, the package incident was apparently not of sufficient seriousness to Mr. Brockmeyer that it warranted inclusion in Fowler's subsequent annual evaluation.[14]  Accordingly, the probative value of the package incident to dispute Mr. Fowler's testimony that he had received only good to excellent evaluations prior to his June 2005 annual evaluation was likewise diminished.  The court was therefore within its discretion in excluding the evidence concerning the package incident.

---

[12] Jury instruction nos. 24 and 27, docket no. 197, filed on May 23, 2012; Verdict Form at question nos. 1 and 2, docket no. 194, filed on May 23, 2012.

[13] Memorandum in Support of Motion for a New Trial or in the Alternative for Remittitur at 11, docket no. 278, filed Oct. 10, 2012.

[14] Transcript of May 2, 2012 hearing at 17:25-18:10, docket no. 278-6, filed on Oct. 22, 2012.

       <u>The Testimony of Patricia Gay</u>.  Westminster argues that the court erred in allowing Ms. Gay to testify because she was not disclosed by Fowler as a trial witness.  Fowler was not required under Fed. R. Civ. P. 26(a)(3), or the Pretrial Order in this case, to disclose witnesses presented solely for the purpose of impeachment.[15]  Fowler offered Ms. Gay solely as a rebuttal witness to impeach the testimony of Darin Jones concerning Ms. Gay's dismissal, and the court allowed Ms. Gay to testify on that basis.[16]  To the extent Ms. Gay's testimony may have eventually gone beyond impeachment, no objection was made by Westminster.  The court finds no error in allowing Ms. Gay to testify at the trial of this matter.

       <u>The Testimony of Denise Fowler</u>.  Westminster further argues that the court erred in failing to sustain its several objections to the testimony of Denise Fowler for lack of foundation, hearsay, and non-responsive answers.  Having reviewed the portions of the transcript cited by Westminster, the court finds no error in its evidentiary rulings and concludes that the challenged portions of Ms. Fowler's testimony did not affect the outcome of the trial in any event.

III.    <u>The Verdict Form Properly Sought and Obtained Findings From the Jury on All of the Material Issues Related to Fowler's ADA Discrimination Claim</u>.

       Westminster also contends the Verdict Form submitted to the jury was incomplete.  Specifically, Westminster asserts that the following issues were not submitted to the jury: whether Fowler was substantially limited by his drug addiction; whether Fowler was terminated pursuant to an established drug and alcohol policy; and whether Fowler was engaged in the illegal use of drugs in the weeks and months prior to his termination.  Westminster is incorrect.

---

[15] Fed. R. Civ. P. 26(a)(3)(A); Pretrial Order at ¶ 7, docket no. 177, filed on May 14, 2012.

[16] May 23, 2012 trial transcript at 56:3-57:4, docket no. 278-6, filed on Oct. 22, 2012.

Under Fed. R. Civ. P. 49(a), "the court may require a jury to return only a special verdict in the form of a special written finding on each issue of fact."[17]  "The submission of special interrogatories lies within the discretion of the trial court and will not be reversed absent an abuse of discretion."[18]  "Once the court decides to submit forms of special verdict and special interrogatories, it must cover all material factual issues."[19]  However, [i]t is not error to refuse to put an issue to the jury that is covered adequately by other questions that have been included."[20]

The Verdict Form in this case properly submitted all of the material factual issues for decision by the jury.  The issue of whether Fowler was substantially limited by his addiction was put to the jury in question no. 1, which asked the jury whether Fowler "was disabled within the meaning of the Americans With Disabilities Act."[21]  The jury was instructed that to prove he was disabled, Fowler had to show his addiction "substantially limited one or more of [his] major life activities."[22]  The jury could not have found that Fowler was disabled without concluding that he was substantially limited by his addiction.

Likewise, whether Westminster terminated Fowler pursuant to its drug and alcohol policy was submitted to the jury as part of question no. 4, which asked the jury whether Westminster "honestly believe[d] and act[ed] in good faith on its stated reasons for terminating Mr. Fowler."[23]  The jury was instructed that "[i]t is not a violation of the ADA for an employer to discipline or terminate an employee for violating a policy prohibiting employees from (a) the illegal use of

---

[17] Fed. R. Civ. P. 49(a)(1).

[18] *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1101 (10th Cir. 1991) (internal quotations omitted).

[19] *Id.* (internal quotations omitted).

[20] 9B Federal Practice & Procedure § 2506 (3d ed. 2012) (collecting cases); *see, e.g.*, *Wheeler*, 935 F.2d at 1101-02 (upholding district court's refusal to include question in special verdict form concerning issue covered by another question in the form).

[21] Verdict Form at question no. 1, docket no. 194, filed on May 23, 2012.

[22] Instruction no. 25, docket no. 197, filed on May 23, 2012.

[23] Verdict Form at question no. 4, docket no. 194, filed on May 23, 2012.

drugs or alcohol at the workplace, or (b) being under the influence of alcohol or engaging in illegal use of drugs in the workplace."[24]  Westminster vigorously argued to the jury that Fowler was terminated for violating Westminster's drug and alcohol policy.  The jury simply did not believe Westminster's stated reason for terminating Fowler.[25]

Finally, whether Fowler was engaged in the illegal use of drugs in the weeks and months prior to his termination was submitted to the jury in question nos. 1 and 2, which asked the jury whether Fowler was disabled and qualified, respectively.  The jury was instructed that "[a] person who engages in the illegal use of drugs in the weeks and months prior to termination is not a qualified individual with a disability."[26]  Accordingly, the jury could not have found that Fowler was disabled and qualified without also finding that Fowler had not engaged in the illegal use of drugs in the weeks and months prior to his termination.[27]

IV.    <u>Westminster Is Not Entitled to Further Reduction of the Jury's Damages Award</u>.

The jury awarded Fowler $500,000 in compensatory damages on his ADA discrimination claim.[28]  Applying the statutory cap for compensatory damages found in 42 U.S.C. § 1981a(b)(3)(D), the court reduced the award to $300,000.[29]  Westminster moves the court to further reduce the damages awarded by the jury, arguing that the statutory cap represents the

---

[24] Jury instruction no. 34A, docket no. 197, filed on May 23, 2012.

[25] The jury's finding of pretext, along with its decision to award damages, also precludes Westminster's argument that the jury's "not the only" interlineation somehow rendered the verdict inconsistent.  *See* Memorandum Decision and Order Denying Motion for Remittitur Under 42 U.S.C. § 2000e-5(g)(2)(B), docket no. 248, filed on Aug. 31, 2012.

[26] Jury instruction no. 27, docket no. 197, filed on May 23, 2012.

[27] Westminster's attorney agreed that the issue of Fowler's alleged current drug use was encompassed within the questions submitted to the jury:  "And illegally using drugs . . . [t]hat may be subsumed under whether or not he was disabled.  I agree with the Court on that."  May 17, 2012 trial transcript at 13:15-23, docket no. 222, filed on Jun. 28, 2012.

[28] Verdict Form at question no. 6, docket no. 194, filed on May 23, 2012.

[29] Order Granting Motion for Remittitur Under 42 U.S.C. § 1981a(b)(3)(D), docket no. 247, filed on Aug. 31, 2012.

maximum amount of damages reserved for egregious discrimination cases and that the evidence in this case does not fit that description.

"[A]bsent an award so excessive as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial, the jury's determination of the damages is considered inviolate."[30]  The case of *McInerney v. United Air Lines, Inc.* is instructive on this point.[31]  In *McInerney*, the jury awarded compensatory damages in the amount of $3,000,000, which were remitted by the court to the statutory cap of $300,000.[32]  The plaintiff testified that she was devastated and humiliated by her termination, and that she had lost confidence in herself after losing her eleven-year career with United, which had become part of her identity.[33]  Although the plaintiff's testimony about her emotional suffering was "not exceedingly graphic or detailed," the court held that it formed a sufficient basis for the damages award.[34]

Similarly, the evidence presented by Fowler concerning his emotional distress is sufficient to support the damages award in this case.  Mr. Fowler had worked for Westminster for more than 20 years prior to his termination, and testified that his termination destroyed his self-esteem.[35]  He also testified that during the events leading up to his termination he was intimidated, panicked, scared, upset, and crying.[36] Denise Fowler testified that after his termination, Fowler was no longer himself: "He just felt as though he was not a man and couldn't

---

[30] *Malandris v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 703 F.2d 1152, 1168 (10th Cir. 1983) (internal quotations omitted).

[31] 463 Fed. Appx. 709 (10th Cir. 2011).

[32] *Id.* at 723.

[33] *Id.*

[34] *Id.* at 723-24.

[35] May 17, 2012 trial transcript at 236:4-5, docket no. 222, filed on Jun. 28, 2012.

[36] *Id.* at 202:5-12, 209:8-13; 219:5-11.

do anything."[37]   According to Denise Fowler, "[Fowler] started isolating himself, and he became very emotional, and he just was not the same."[38]   As a result of these changes, Denise Fowler testified that she and her daughter moved out of Fowler's house.[39]   As in *McInerney*, this testimony justifies the damages awarded by the jury.   That the award was more than the statutory maximum does not shock the judicial conscience.   Accordingly, the court will not further reduce the damages awarded by the jury.

CONCLUSION AND ORDER

IT IS HEREBY ORDERED that Westminster's Motion for a New Trial Pursuant to F.R.C.P. 59 (docket no. 277) is DENIED.

DATED this 31st day of January, 2013.

BY THE COURT:

David Nuffer
United States District Judge

---

[37] May 15, 2012 trial transcript at 54:19-55:19, docket no. 227, filed on Jul. 2, 2012.

[38] *Id.*

[39] *Id.*